## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**JACOBI P. MALONE**                                                    **PLAINTIFF**

v.                                            **No. 4:13-cv-403 DPM**

**ROBERT HINMAN, Individually and in his
Official Capacities; CITY OF LITTLE ROCK,
a Municipal Corporation and Public Body
Corporate and Politic; and STUART THOMAS,
Individually and in his Official Capacity as
Chief of Police, Little Rock Police Department**          **DEFENDANTS**

### PROTECTIVE ORDER

The parties stipulate, and the Court Orders as follows:

1.      During the course of litigation of this case, Plaintiff has requested that Defendants provide certain documents in discovery that contain confidential and personal information.  These documents include personnel files of Separate Defendant Robert Hinman, and other employees of the Little Rock Police Department who are not parties to this action.  The requested documents also include investigative files in the possession of the LRPD.

2.      The investigative files contain some information that is confidential and not available to the general public.  This confidential

information includes social security numbers, driver's license numbers, employee identification numbers, home addresses, unlisted telephone numbers, credit card and bank account numbers, medical records and Arkansas Crime Information Center criminal history information.

3.      Some of these files may involve investigations of employees that did not result in disciplinary action, or resulted in disciplinary action that did not involve a suspension, demotion, or termination.   Documents and other materials that are generated by Internal Affairs investigations that do not result in suspension, demotion, or termination are not available to the public, even under the provisions of the Arkansas Freedom of Information Act. *See* Ark. Code Ann. §25-19-105(c)(1).  These materials shall be maintained as confidential by Plaintiff's counsel and not distributed except as provided in paragraph 5 of this Order.

4.      The personnel files that have been requested contain the same confidential and personal information pertaining to LRPD employees that is listed in Paragraph 2 of this Order.   In addition, the personnel files contain other confidential and personal information not included in the investigative files.  This information includes marital and similar family

2

information, tax withholding, and payroll deductions, and employee benefit information.

5.      Counsel for the parties have agreed, and the Court orders, that all documents contained in the files produced by the Defendants in response to discovery requests from the Plaintiff, including all confidential and personal information identified in paragraphs 2, 3, and 4, shall be used solely for the purpose of litigating this case and that documents contained in the files shall not be disclosed except as permitted by this Order. Further, before providing counsel with any documents, counsel for the Defendants is directed to ensure that confidential and personal information identified in paragraphs 2, 3, and 4 is redacted.  The only exception to this is any medical records of Plaintiff Jacobi Malone. This type of information shall not be redacted, but is subject to all other terms and conditions of this Order.

6.      Those subject to this Order are the parties to the action, including all of their officers, directors, employees, attorneys, consultants, and any experts whether retained as consultants or witnesses.  Documents produced by the Defendants, and any information contained in the documents, may be disclosed only to the parties, the parties' attorneys of

3

record, employees of the parties' attorneys, and any expert witnesses retained by the parties in connection with this action. The documents shall not be disclosed to any other person, partnership, firm, corporation, or any other person or entity. Copies of all of these files produced in discovery shall be maintained in the custody of the parties' counsel and not distributed to anyone with the exception of an expert witness retained by counsel for the parties as a consultant or witness. The parties are strictly forbidden from disseminating any documents covered by this Order to anyone and are likewise directed not to discuss any information contained in any of the documents with anyone other than those persons authorized by this Order. Counsel and the parties in this case understand and agree that a violation of the provisions of this Order could subject them to a finding of contempt of Court.

7. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in the Order will be construed as a judicial determination that any specific document or item of information is admissible in evidence at the trial of this case. Furthermore, by stipulating to the entry of this Order, no

4

party waives any right or objection it would otherwise have in absence of the Order.

8.     Within thirty days of the final termination of this action, including all appeals, counsel for the Plaintiff shall serve an affidavit of destruction on counsel for the Defendants attesting that all documents produced in discovery or obtained otherwise, including all copies made of any documents, have been destroyed.

So Ordered.

D.P. Marshall Jr.
United States District Judge

23 January 2014

5