IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JACOBI P. MALONE                                                   PLAINTIFF

v.                                  No. 4:13-cv-403-DPM

ROBERT HINMAN, Individually and in His
Official Capacity; CITY OF LITTLE ROCK, a
Municipal Corporation and Public Body
Corporate and Politic; and STUART THOMAS,
Individually and in His Official Capacity as
Chief of Police, Little Rock Department                      DEFENDANTS

ORDER

**1.** Around two o'clock in the morning on 16 July 2011, Jacobi Malone

was heading back to his car in the Rivermarket area of downtown Little Rock.

He was eighteen at the time.  Malone encountered a crowd of forty or fifty

people near his parked car.  He noticed that a confrontation was escalating.

And he recognized an unnamed former schoolmate, a person a few years

younger than Malone.  The fellow pulled out a silver pistol and pointed it at

the crowd.  Malone tried to defuse the situation. He got beside the young man

and pushed his gun hand toward the ground.  The pistol fired twice, perhaps

three times, before the young man recognized Malone and allowed him to

take the gun.  One person had been shot in the foot.  After hearing the gunshots, and perhaps after seeing the pistol, the crowd had scattered. Malone started running as well, pistol in hand.

Meanwhile, officer Robert Hinman had been patrolling downtown Little Rock on his bicycle.  He was heading in the direction of the parking lot when he heard the first gunshot.  Hinman rolled up to the lot.  He saw the crowd scattering. He spotted Malone running with a pistol in his hand.  (Malone denies that Hinman saw him with the pistol.  But he offers no evidence to rebut Hinman's testimony.)  Hinman says he yelled for Malone to stop. Malone didn't hear the officer's command. His adrenaline was pumping; he was running; and he was thinking about when and where to discard the pistol.  Hinman shot Malone four times, striking him in the arm, back, leg, and neck. The bullet that hit Malone in the neck paralyzed him from the chest down.

These are the record facts, taken in the light most favorable to Malone when genuinely disputed. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). He makes various constitutional claims under 42 U.S.C. § 1983 against officer Hinman, Little Rock, and chief Stuart Thomas.  He also brings an assault-and-

battery claim against Hinman under Arkansas law. The defendants seek summary judgment. They also move to strike some exhibits from Malone's response. There are two issues: Is officer Hinman entitled to qualified immunity? And has Malone presented enough evidence to create a jury question on municipal liability against chief Thomas and the city?

**2.** Malone contends officer Hinman violated the Fourth Amendment and Arkansas law by using excessive, deadly force. Hinman's actions, though, were objectively reasonable in these circumstances. *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012); *Ellison v. Lesher*, No. 13-3371, 2015 WL 4645667, at *4 (8th Cir. 6 August 2015). He's therefore entitled to qualified immunity.

Looking at the situation objectively from the perspective of a reasonable officer, and taking disputed facts in Malone's favor without the benefit of hindsight, Hinman's use of deadly force was reasonable. *Ellison*, 2015 WL 4645667, at *4; *Gardner v. Buerger*, 82 F.3d 248, 251–52 (8th Cir. 1996). Less than ten seconds elapsed between the time officer Hinman heard gunfire and when he shot Malone. № 16-2 at 4. Malone was running away from Hinman, but in the general direction of officer Montgomery, Hinman's partner. № 16-2

-3-

*at* 2–3. There were many people around the Rivermarket—a vibrant commercial area. Shots had been fired. One person had been wounded. And Malone had a pistol in his hand. *Compare Tennessee v. Garner*, 471 U.S. 1, 20–21 (1985).

Several details are disconcerting. Hinman gave inconsistent testimony about whether Malone turned to fire at him. Hinman shot Malone with several people nearby. And it's unclear whether Hinman actually saw someone shoot into the crowd. These details, however, don't change the constitutional analysis because no genuine issues of *material* fact exist. *Hayek v. City of St. Paul*, 488 F.3d 1049, 1054 (8th Cir. 2007).

The undisputed facts according to Malone are these: around 2:00 a.m. he had a pistol in his hand after shots had been fired in a crowd at the Rivermarket; and he was fleeing the scene toward other people nearby. № 16-3 *at* 9. Taking Malone's version as the truth, his good deed in defusing a dangerous argument, coupled with two split-second decisions, resulted in a promising young man's paralysis. Had Malone dropped the pistol, instead of running away with it, things would have ended differently. Had officer Hinman decided not to shoot, Malone would not be paralyzed. But this is

-4-

hindsight talking, which the law does not allow when evaluating an officer's judgment call in the perilous and fluid circumstances presented.

Officer Hinman's use of deadly force didn't violate the Constitution because he had "probable cause to believe that [Malone] pose[d] a threat of serious physical harm to . . . others." *Loch*, 689 F.3d at 965. Hinman is therefore entitled to qualified immunity on Malone's constitutional claims. The Court declines to exercise supplemental jurisdiction, 28 U.S.C. § 1367(d), and will dismiss Malone's state law claim without prejudice.

**3.** The defendants' motion to exclude some evidence is granted. Malone didn't respond to it. Because Malone didn't timely disclose Jeffrey Noble as an expert, he can't offer Noble's affidavit or the materials about the Little Rock Police department. The Court declines Malone's suggestion to consider just the exhibits about the city's investigations in other officer-shooting cases. They are city documents; but Malone didn't identify them as evidence in this case until he responded to the dispositive motion, some three months after the discovery deadline. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). The Noble exhibits to Malone's response, № 27-4, 27-5 & 27-6, and all references to those exhibits in his response, are stricken. LOCAL RULE 7.2(f); № 13.

**4.** Malone claims that chief Thomas and Little Rock are liable because the department permits excessive force so often that it has become customary. *Radloff v. City of Oelwein, Iowa*, 380 F.3d 344, 348 (8th Cir. 2004). Malone has offered no evidence, apart from the excluded exhibits, to rebut Thomas's testimony that Hinman was trained properly and that excessive force incidents are investigated properly and handled appropriately. *Ibid.*; FED. R. CIV. P. 56(c). On the record presented, Malone's claims against Thomas and Little Rock therefore fail for lack of evidence.

\* \* \*

Defendants' motion for summary judgment, № 16, and motion to strike, № 33, are granted.

So Ordered.

_D.P. Marshall Jr._
United States District Judge

28 August 2015